## THE PEOPLE *v.* MICHAEL DUNN.

JURY.—It is error for the court to draw a jury from a list prepared by the judge and sheriff until the regular panel is exhausted; and that fact must appear from the record.

INSTRUCTIONS—REFUSAL.—Upon the trial of an indictment for murder, it is the duty of the court to give an instruction to the jury, if requested, that they can find the defendant guilty of a less grade of offense than murder in the first degree, if warranted by the evidence; and a refusal to give such instruction is error. McBRIDE, C. J., dissenting.

APPEAL from the second district, Boise county.

*C. B. Waite*, district attorney, for the people.

*E. W. McGraw*, for the appellant.

CUMMINS, J., delivered the opinion of the court, McBRIDE, C. J., concurring in the judgment.

The grand jury regularly summoned prior to the convening of the February term, 1866, of the district court for Boise county, having transacted all the business properly coming before them, were, by the court, discharged, as were also the trial jury. Subsequent to this the crime of which defendant is accused was committed. Before the convening of the court the probate judge and sheriff of the county had prepared a list of one hundred names of persons competent to serve as jurors, as required by statute, and deposited the same in a box provided for that purpose, from

which jurors could be drawn as occasion should require. From this number the first grand jury and the panel of petit jurors for the term were drawn, numbering in the aggregate thirty-nine, leaving sixty-one remaining in the box. After the homicide was committed, for which the defendant was subsequently indicted, the sheriff and presiding judge of the court prepared a list of names of persons, had them inserted in a venire, and summoned to attend as grand jurors. The grand jury thus obtained found the indictment upon which the defendant was put upon his trial. The petit jury before whom the defendant was tried and convicted were selected and summoned in the same manner; that is, the sheriff and the presiding judge of the court prepared a list of names of persons, deposited them in a box from which the clerk, under direction of the court, drew fifty names, placed them in a venire directed to the sheriff, and from this list of persons who were summoned was obtained the trial jury. It nowhere appears upon the record in this court that the list of one hundred names, prepared anterior to the first day of the term by the probate judge and sheriff, and deposited in a box, to constitute a jury list as provided by the jury act, was exhausted before the district judge and sheriff proceeded to prepare the list of jurors out of which the grand and trial jury were formed. Whereupon the defendant assigns as error, among others by which he has been aggrieved, that he has not had the benefit of a jury drawn in accordance with the statute; that he has not had the benefit of any one of the one hundred names deposited in the jury box, and yet it does not appear that those names were exhausted. For aught that the record shows, there were yet remaining in such box sixty-one names, which, under the provision of the statute, should have first been drawn and passed upon as jurors before the court could order the judge and sheriff to prepare a list of names from which to summon a jury, as was done.

Section 6 of the act concerning jurors provides that "when at any term of the district court, for the want of an assessment roll, or sufficient time is not permitted in which to prepare and draw a list of jurors as provided in this act,

or when from any cause which may appear satisfactory to such district judge, such list has not been prepared or drawn, or the sheriff has not summoned such jurors, or the names selected as jurors placed in such box be exhausted, it shall be lawful for such district judge and sheriff to prepare a list of the names of a sufficient number of persons competent to serve as trial jurors, and deposit such names in a box, and at any time during the term of the court when a jury shall be required, names of persons shall be drawn therefrom," etc.

Substantially the same provision is made in the eighth section of the act relating to grand juries, under similar circumstances. "When from any cause which may appear satisfactory to such district judge," is the language of the act, he may proceed with the sheriff to prepare the list. Certain enumerated contingencies must exist, without which the district judge was not authorized to thus proceed. If there remained sixty-one names, or any other number, in the jury box yet undrawn, it was improper for him to proceed under section 6 above quoted, until they had been drawn and passed upon, when, failing to obtain a jury, the judge would be authorized, in conjunction with the sheriff, to prepare such list. This state of facts must appear affirmatively upon the record. They are in the nature of circumstances necessary to give jurisdiction, and hence can not be presumed. A different construction of this act would put it in the power of the district judge and sheriff to prepare a jury at any time to subserve personal ends, and thus render our jury system an engine of oppression instead of an institution by aid of which to redress wrongs.

Clearly, then, this action of the court, or of the judge, was an error to the prejudice of the prisoner, and of which he might justly complain. It was a denial to him of a substantial right, to the benefit of which he was entitled under the law.

This is sufficient upon which to reverse the judgment of the court, but one other error is presented by the record which it is proper here to comment upon and definitely settle. I refer to the refusal of the court to instruct the jury, as asked by the defendant, that they could, under this indict-

ment, find the defendant guilty of an offense of a less grade than that of murder in the first degree, if warranted by the evidence.    It is for the court to determine what effect it should or will have upon the minds of the jury.    The statute expressly declares that it is for the jury to say by their verdict what grade of offense has been committed, properly included in the crime charged in the indictment.    It is not improbable that the jury should see extenuating circumstances in a given detail of testimony sufficient, in case of felonious homicide, to reduce the crime below that of murder in the first degree, and still the court be as thoroughly convinced that there was not a mitigating fact proved.    It is a wise provision of the law made in favor of the prisoner, and he is entitled to its full benefit in all cases of trial under an indictment for murder, and should be given, more particularly when asked by the prisoner.

There are several other questions raised by the bill of exceptions, of great practical importance to the profession as well as to the public, but which we feel compelled to pass over in silence, owing to the dearth of authorities to which we have access.    I refer more particularly to the questions involved in the instructions asked by the prisoner and refused by the court, in relation to the defense of insanity as set up on the trial.

Judgment reversed and new trial ordered.

Opinion by McBRIDE, C. J.:

I concur in the judgment rendered in the above case, but do not concur in that part of the opinion in relation to the right of the court to deny the instructions as to the different degrees of murder.    A court is not bound to give instructions based on a supposed state of proof that does not exist.

A defendant may insist on instructions that are sound law, in the abstract, but unless they have some application to the proof in the case, the court should refuse them as having a tendency to confuse and mislead the jury.    In the trial of a prisoner on a charge of murder, and involving the penalty of death, while it is safest to give him the benefit

of all presumptions, yet if the court sees no evidence to reduce the grade of the offense, it has the right to withhold an instruction which presupposes such testimony. To entitle a defendant to an instruction it must be good law and be based on the facts of the case also. There is nothing in this case which satisfies me that the court below erred in this particular. The defense made by the testimony as shown by the transcript was one of insanity only, and under that the prisoner was entitled to an acquittal or he was guilty as charged in the indictment. Judging this case from the testimony embodied in the record, I see no reason to think that the court below erred in refusing the instructions.