(November 20, 1895.)

## STATE v. HARDY.

[42 Pac. 507.]

SUBDIVISION 4 OF SECTION 7730 OF THE REVISED STATUTES CONSTRUED.—When defendant was arrested after finding of indictment, to avail herself of the benefits of subdivision 4 of section 7730 of the Revised Statutes it is incumbent that the facts set forth in her motion should be supported by proof, at least to the extent of defendant's oath, or verification.

CIRCUMSTANTIAL EVIDENCE—VERDICT—CONFLICT OF TESTIMONY.— When all the evidence in a criminal case, although circumstantial, "taken as a whole, and giving them their reasonable and just weight, and no more, to a moral. certainty exclude every other hypothesis except that of the guilt of the accused," the verdict of the jury will not be disturbed on the ground of conflict of testimony.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

Goode & Orland, for Appellant.

Where the evidence to convict defendant upon trial for murder is circumstantial the evidence must be of a conclusive nature, and is insufficient unless they exclude every other sup-

position. (*Casey v. State,* 20 Neb. 138, 29 N. W. 273; Starkey
on Evidence, 10th ed., 863; *People v. Padilliac,* 42 Cal. 540;
*People v. Phillips,* 39 Cal. 333; *Kaiser v. State,* 35 Neb. 704,
53 N. W. 610; *Kennedy v. State,* 31 Fla. 428, 12 South. 858;
*Dreessen v. State,* 38 Neb. 375, 56 N. W. 1024.)   The defend-
ant having been indicted by the grand jury without having first
had a preliminary examination, and being held to answer be-
fore the grand jury, had no opportunity to exercise her right
of challenge until arraignment, and before pleading, and this
right she then claimed, by interposing a challenge to each in-
dividual grand juror, and by motion to set aside the indictment,
and for leave to prove the challenge by an examination of the
grand jurors individually, as we claim she had a right to do, un-
der the provisions of the Criminal Code. (Rev. Stats., sec.
7730, subd. 4.)   The defendant was unlawfully forced upon
her trial, under a void indictment. (*People v. Beatty,* 14 Cal.
567; *People v. Turner,* 39 Cal. 376.)

George M. Parsons, Attorney General, for the State.

All facts that go to sustain or impeach a hypothesis, logic-
ally pertinent, are admissible. (Wharton's Criminal Evidence,
sec. 23.)   Under our statute the court has no power to direct
an acquittal.   Such a direction would be a clear invasion of the
province of the jury. (Rev. Stats., sec. 7877; *People v. Horn,*
70 Cal. 17, 18, 11 Pac. 470; *People v. Bennett,* 49 N. Y. 137-
140; *People v. Barnes,* 2 Idaho, 161, 9 Pac. 532.)   No attempt
was made to incorporate the motion to set aside the indictment
in a bill of exceptions.   Objections, which would have been
ground for challenge, if interposed at the proper time, must
be taken advantage of after indictment is found by motion to
set aside. (Rev. Stats., sec. 7730.)   A motion to bring the
grand jury into court is not a motion to set aside. (*People v.
Turner,* 39 Cal. 370-372; Rev. Stats., secs. 7730, 7609.)   The
statute, having prescribed the grounds upon which a motion
to set aside an indictment may be made, all other grounds are
excluded. (*People v. Butler,* 1 Idaho, 231; *Priest v. State,* 10
Neb. 393, 3 N. W. 468.)   The verdict of the jury or the deci-

sion of the lower court will not be disturbed, on the ground
that it is not supported by the evidence, where the evidence is
conflicting. (*People v. Klumpke,* 41 Cal. 263; *People v. Mc-
Curdy,* 68 Cal. 576, 10 Pac. 207; *People v. Clark,* 84 Cal. 573,
24 Pac. 313; *United States v. Camp,* 2 Idaho, 231, 10 Pac.
226; *People v. Ah Hop,* 1 Idaho, 698; *State v. Foot You,* 24 Or.
61, 32 Pac. 1031, 33 Pac. 537.)

HUSTON, J.—The defendant was convicted of murder in
the second degree at the February term, 1895, of the district
court of Latah county, by causing the death of one Henrietta
Hardy, an adopted child of the defendant, of about the age
of two years, by poison. The crime is alleged to have been
committed on the tenth day of February, 1895. The indict-
ment was found on the 14th of February, 1895. Defendant
was not in custody until after the finding of the indictment.
On the 16th of February, 1895, defendant's counsel, upon de-
fendant's arraignment, moved the court to order the grand
jury which had found the indictment to be brought into court,
to be examined "as to their qualifications, both as a body and
as individual members thereof." On the 18th of February,
1895, said motion was overruled by the court, and thereupon
defendant's counsel interposed a challenge to certain members
of said grand jury, naming them, upon the ground that "each
and every one of them had formed an unqualified opinion as
to the guilt of this defendant before the examination by them
of the case as grand jurors; and for the reason that some of
the members of the grand jury had been spoken to by outside
parties, not under oath, and other than the district attorney
of this district, in reference to the case, and prior to the time
when the case was taken up by the grand jury for investiga-
tion; and that as to some of the members of the grand jury
a state of mind existed prior to the examination of this case
which would prevent them from acting impartially and with-
out prejudice to the rights of this defendant; and to substan-
tiate the foregoing ground of challenge, defendant, by her
attorneys, asks that the said grand jury be summoned, and
ordered to appear in court, to be examined as to the causes of

challenge"—all of which was denied and overruled by the court. To this action of the court exception was taken by defendant. Appellant bases her exception to the ruling of the court upon the provisions of section 7730 of the Revised Statutes of Idaho, which is as follows: "The indictment must be set aside by the court in which the defendant is arraigned, upon his motion in either of the following cases: . . . . Subd. 4. When the defendant had not been held to answer before the finding of the indictment, on any ground which would have been good ground for challenge, either to the panel or to any individual grand juror." Usually this question was brought before the court by plea in abatement, though under our statutes it may be presented by motion. Still, although the particular manner of raising the question has been changed under our practice, we apprehend it was never the intention of our lawmakers to do away with the essential requisites. The plea in abatement was required to be supported by proof, at least to the extent of the oath of the defendant, that the grounds set forth in his motion were true. It would not, nor will it under our practice, answer for the defendant to simply file his motion alleging generally, although specifically named in his motion, that certain members of the grand jury were disqualified by reason of having formed an unqualified opinion as to defendant's guilt. The grand jury may have been, and not infrequently is, discharged before the defendant is arraigned, or even arrested; and to require the court to resummon them merely to allow the defendant to inquire whether any of them had formed an unqualified opinion touching his guilt could hardly have been contemplated by the legislature. Subdivision 6 of section 7609 of the Penal Code provides as one of the grounds of challenge to an individual grand juror as follows: "That he has formed or expressed an unqualified opinion or belief that the defendant is guilty or not guilty of the offense charged; but a hypothetical opinion, founded on hearsay or information supposed to be true, unaccompanied with malice or ill-will, shall not disqualify a grand juror or be cause of challenge." We do not think the grounds set forth in defendant's motion bring her within the pro-

visions of this statute. Our view would seem to be strengthened by the provisions of the next following subdivision of said section, 7609, to wit, subdivision 7: "That a state of mind exists on his part in reference to the case, or to either party, which satisfies the court that he cannot act impartially and without prejudice to the substantial rights of the party challenging." If each and every one of the grand jurors named in defendant's motion had expressed an opinion that the defendant was not guilty of the offense charged, surely she had no ground for challenge; and, from aught that appears in her motion, such might have been the case. If it was otherwise, or if the state of mind set forth in subdivision 7 existed with any of the grand jurors, it was at least incumbent upon the defendant to make a *prima facie* showing in that behalf before imposing upon the state the necessity of resummoning the entire grand jury. These views, we think, are supported by both reason and authority. (See 1 Bishop's New Criminal Procedure, secs. 793-884; Wharton's Criminal Pleading, secs. 350-427; *United States v. Hammond,* 2 Woods, 201, Fed. Cas. No. 15,294.)

The bill of exceptions does not show any motion in arrest of judgment, nor any action of the court upon such motion. Numerous exceptions were taken to the admission of testimony upon the trial of this case. We have examined the record with much care, and we are unable to find wherein the rules of evidence have been transgressed or misstated to the prejudice of the defendant. Witnesses were permitted to testify to threats made by defendant, not only against the deceased child, but against its mother, and the husband of defendant. When we take into consideration the relations of these parties, and their characters as shown by the record, we cannot consider the admission of such testimony improper. The evidence shows the defendant to have been a woman of not only vile character, but possessed of an utterly uncontrollable temper. The mother of the child was a colored woman, with whom the husband of defendant had for some time had illicit relations, and with whom, at the time of the alleged homicide, he was living and cohabiting. That this condition of affairs had the effect of exciting

beyond control the naturally evil propensities of defendant is clearly established by the record. It is true, the evidence in the case is wholly circumstantial, but a careful examination of the record satisfies us that the circumstances proven, "taken as a whole, and giving their their reasonable and just weight, and no more, to a moral certainty, exclude every other hypothesis except that of the guilt of the accused." The theory of accident put forth by the defense is entirely unsupported by the record. It is a mere suggestion of counsel. "It might have been." We think the evidence in this case left the jury but one of two conclusions: either the deceased, an infant under two years of age, committed suicide, or the defendant, possessed of a wicked and intractable temper, accentuated by vicious habits and an uncleanly life, in revenge of real or fancied injuries, took its life. The jury—correctly, as we think from the record—accepted the latter conclusion. If there is any error in the record, it is in the verdict. Under the proofs, a conviction of murder in the first degree would have been warranted; and the fact that a lesser degree was found by the jury (doubtless on account of the sex of defendant) is urged as a reason for setting aside the verdict. This question has already been settled in this court in the case of *State v. Schieler,* ante, p. 120, 37 Pac. 272. The record contains several affidavits pertaining to set forth newly discovered evidence. An examination of these affidavits fails to show any new fact. They simply tend to the impeachment or contradiction of certain witnesses upon matters not at all material. Judgment of district court affirmed.

Morgan, C. J., and Sullivan, J., concur.