294 P.2d 273

**STATE of Idaho, Plaintiff-Appellant,**

v.

**John Borden Nicholas EUBANKS, Defendant-Respondent.**

No. 8234.

Supreme Court of Idaho.

Feb. 23, 1956.

440

Francis H. Hicks, Thomas J. Jones, Jr., Boise, for respondent.

Graydon W. Smith, Atty. Gen., J. Clinton Peterson and Elbert E. Gass, Asst. Attys. Gen., Blaine F. Evans, Pros. Atty., Boise, for appellant.

TAYLOR, Chief Justice.

By the prosecuting attorney's information the defendant is charged with the "crime of

burglary in the second degree." The information contains the usual allegations except that there is no allegation therein as to whether the entry occurred in the day-time or nighttime. The defendant demurred specially as follows:

"That said information does not substantially conform to requirements of Section 19–1411, Idaho Code, in that information is not direct and certain as regards the offense charged nor the particular circumstances thereof, for the reason that said information does not state whether said purported crime was alleged to have happened in the day-time or in the night-time."

The demurrer was sustained by the court and judgment thereon entered in the minutes. Later, the prosecuting attorney advised the court that he did not desire to amend, but would appeal. Thereupon the following minute entry was made:

"No opposition being offered by the defendant's counsel, prosecution of the case will be held in abeyance. The bond of the defendant is ordered continued."

The defendant has moved to dismiss the appeal, contending the minute entry sustaining the demurrer does not constitute a judgment from which the state may appeal, within the meaning of § 19–2804, subd. 1, I.C. It is defendant's position that the minute entry must be followed by a final judgment of dismissal before an appeal can be taken by the state.

The minute entry constitutes "a judgment for the defendant on a demurrer to the * * * information."

"Upon considering the demurrer, the court must give judgment either allowing or disallowing it, and an order to that effect must be entered upon the minutes." § 19–1706, I.C.

Under this section the "order to that effect" entered upon the minutes is the "judgment" allowing or disallowing the demurrer. The next section, 19–1707, I.C., makes the "judgment", allowing a demurrer, final, unless the case is resubmitted. By the provision for amendment of indictments and information added in 1929, § 19–1420, I.C., the finality of the judgment sustaining a demurrer is further limited to cases where the defect cannot be cured by amendment, or where no amendment is made. We conclude that the order sustaining the demurrer entered upon the minutes is the judgment on demurrer from which the state may appeal. People v. Dobbs, 70 Cal.App.2d 261, 161 P.2d 46. The motion to dismiss is denied.

It is the contention of appellant that an allegation of burglary, which does not specify whether the entry occurred in the day-time or the nighttime, sufficiently charges both first and second degree burglary, and

that the degree of the offense is to be determined by the jury, if it finds the defendant guilty, or by the court upon a plea of guilty. In support of its position, appellant cites California cases, and that appears to be the rule in that jurisdiction. People v. Collins, 117 Cal.App.2d 175, 255 P.2d 59; People v. Martin, 128 Cal.App.2d 361, 275 P.2d 635.

■ The respondent contends the demurrer was properly sustained because the information, to be sufficient under § 19–1411, I.C., must allege specifically whether the entry was in the daytime or nighttime. Generally the state is limited in its proof to the specific charge made in the information. Following such reasoning, the courts of California and Montana have reached the rather illogical conclusion that, on a charge of first degree burglary, a conviction of second degree cannot be sustained upon evidence that the entry was made in the daytime. People v. Smith, 136 Cal. 207, 68 P. 702; State v. Copenhaver, 35 Mont. 342, 89 P. 61; People v. Barrios, 52 Cal.App. 528, 199 P. 58.

■ In many cases the prosecutor may be unable to establish the precise time of the entry, whether a few minutes before or a few minutes after sunset or sunrise. It would be a travesty to require him in such cases to allege the hour, and permit the defense to be made that the crime was committed at some other hour. Or, suppose the prosecutor mistakenly believed his proof would show a nighttime entry, and charged first degree—as would be his right and duty —if he fails to establish the hour, beyond a reasonable doubt, or the defense shows the entry occurred in the daytime, is a verdict of not guilty mandatory? The time of day does not change the crime from burglary to something else. Nighttime only aggravates the offense, § 18–1403, I.C., and is material only to the higher degree.

"It would be burglary in either case, whether committed at night or in daytime, and it cannot be correctly said that because the proof establishes the offense in its aggravated form it does not established it in its less aggravated form. Where sufficient is proved to establish the offense, it would be altogether illogical to say there was a failure of proof, or a variance between the allegations and proof, simply because more was proved than alleged." Schwabacher v. People, 165 Ill. 618, 46 N.E. 809, at 811.

Such reasoning and the conclusion to be drawn therefrom is in harmony with, if not compelled by our statute:

"When it appears that the defendant has committed a public offense, and there is reasonable ground of doubt in which of two or more degrees he .

is guilty, he can be convicted of the lowest of such degree only." § 19–2105, I.C.

The state is required to allege and prove the time of day only when it seeks a conviction of the first degree.

The contentions of both appellant and respondent were met and disposed of by this court in State v. Vanek, 59 Idaho 514, 84 P.2d 567. In that case we held that first degree necessarily includes second degree, and that an information which does not allege the time of day, charges only second degree burglary:

"The failure to charge the entry was made in the nighttime excluded first degree burglary, but the information having charged an unlawful and felonious entry of the barn with intent to steal, thereby necessarily charged second degree burglary. The jury, therefore, could, as it did, find a verdict of guilty of the included lesser offense." State v. Vanek, 59 Idaho 514, at 520, 84 P.2d 567, 570.

The information in this case charges only second degree burglary. That is all it purports to charge. As such it is sufficient.

The judgment is reversed.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.