386 P.2d 365

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Gerald Max GOODMILLER, Defendant-Appellant.**

**No. 9154.**

Supreme Court of Idaho.

Aug. 14, 1963.

Rehearing Denied Nov. 20, 1963.

Elam, Burke, Jeppesen & Evans, Boise, for appellant.

Allan G. Shepard, Atty. Gen., R. La Var Marsh, Asst. Atty. Gen., Eugene C. Smith, Pros. Atty., Boise, for respondent.

TAYLOR, Judge.

June 23, 1960, an information was filed charging defendant (appellant) with the crime of burglary of the first degree, alleged to have been committed March 8, 1960. July 19, 1960, the information was dismissed on motion of the prosecuting attorney. The reason for the dismissal as set out in the motion was as follows:

"That the material witness for the State of Idaho, to-wit: Thomas Wayne Mertins, an accomplice with said Gerald Max Goodmiller, is now confined in the Oregon Correctional Institution at Salem, Oregon; that said Thomas Wayne Mertins will be confined at said institution until approximately December, 1960; that the State will further prosecute this case at the time that said Thomas Wayne Mertins is released from said Oregon Correctional Institution."

Defendant had been at liberty on bail and upon the dismissal his bail was exonerated.

Subsequently, a new complaint was filed and defendant was again arrested upon the same charge. Following preliminary proceedings a new information was filed òn

August 10, 1961, again charging defendant with the same offense. Defendant moved for a dismissal on the ground that he had been denied a speedy trial. The motion was denied. The cause was tried December 5, 6 and 7, 1961. Defendant was convicted of burglary of the second degree. This appeal is from the judgment entered thereon.

Two issues are raised by the assignments: first, defendant contends he was denied a speedy trial, required by Idaho Constitution, Art. 1, § 13, and I.C. § 19–3501; and second, defendant contends that the trial court erred in permitting the jury to return a verdict of guilty of burglary of the second degree, and in pronouncing judgment thereon in the absence of allegation or evidence that the burglary charged was committed in the daytime.

The constitutional provision relied upon is:

"In all criminal prosecutions, the party accused shall have the right to a speedy and public trial; * * *." Constitution, Art. 1, § 13.

And the statutory provision is:

"The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases: * * *

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found." I.C. § 19–3501.

Section 19–3501 was a part of the Criminal Practice Act of 1864. That act was in effect when the constitution was adopted. Its provisions were known to the delegates who drafted our constitution. Many of the provisions of the act of 1864, including I.C. § 19–3501 and others herein referred to, were continued in force by Art. 21, § 2, of of the constitution drawn by those delegates. Those provisions have continued in force to this date, and have never been found to be repugnant to the speedy trial requirement of Art. 1, § 13, and are now to be regarded as in harmony therewith. Schrom v. Cramer, 76 Idaho 1, 275 P.2d 979.

Other pertinent sections of the Criminal Practice Act of 1864 provide that if the court dismisses the action, the defendant must be discharged from custody, or if admitted to bail, his bail must be exonerated (I.C. § 19–3503); that "in furtherance of justice" the court may of its own motion, or on motion of the prosecuting attorney, order the action dismissed (I.C. § 19–3504); and that:

"An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony." I.C. § 19–3506.

■ In this case there was no postponement. The information was dismissed and defendant's bail was released. The dismissal was not a bar to another prosecution, commenced within three years after the commission of the offense. I.C. § 19–402; State v. Teague, 215 Or. 609, 336 P.2d 338; People v. Sorrentino, 146 Cal.App.2d 149, 303 P.2d 859; People v. Vacca, 132 Cal. App.2d 8, 281 P.2d 315; State v. Kuhnhausen, 201 Or. 478, 266 P.2d 698, 272 P.2d 225; State v. Rowland, 172 Kan. 224, 239 P.2d 949, 30 A.L.R.2d 455, Annotation 462, and 1960 Supplement 2390; State v. Mc-Gowan, 113 Mont. 591, 131 P.2d 262; State v. Wigger, 196 Mo. 90, 93 S.W. 390; Latson v. State (Del.) 146 A.2d 597; Annotation 50 A.L.R.2d 946.

■ Furthermore, if the dismissal and renewal of the prosecution were to be regarded as a postponement, it was for "good cause" and "sufficient reason" and was therefore authorized by I.C. § 19–3502, which provides as follows:

"If the defendant is not indicted or tried, as provided in the last section, and sufficient reason therefor is shown, the court may order the action to be continued from term to term, and in the meantime may discharge the defendant from custody on his own undertaking of bail for his appearance to answer the charge at the time to which the action is continued."

The absence of a material and essential witness is "good cause." State v. Hopple, 83 Idaho 55, 357 P.2d 656; 14 Am.Jur., Criminal Law, § 136, p. 861, n. 20.

■ Section 19–3502 was also a part of the act of 1864 and, therefore, its application is not to be regarded as violative of the constitutional right to a speedy trial.

■ Defendant was tried at the first term commencing after the filing of the new information. Thus, his constitutional right was accorded him.

The issue was decided contrary to defendant's contention in State v. Davidson, 78 Idaho 553, at 564–565, 309 P.2d 211, at 219, wherein this court said:

"The trial court treated the amended information as a new information, as though the original information had been dismissed or had never existed, and the court required appellant's arraignment and plea anew. The information as such, though denominated an amended information, was filed during the second term and appellant's trial was had during the third or next following term. In the case of Schrom v. Cramer, 76 Idaho 1, 5, 275 P.2d 979, 981, this Court stated:

"'All the authorities which have been called to our attention hold that the phrase "the next term of the court", as used in the statute, ex-

cludes the term of court then current and means the next ensuing term. * * * Likewise, the information or indictment having been filed during a current term of court, the defendant must be tried during the following term of court unless good cause to the contrary be shown.'

"The situation here is identical in principle as was involved in the case of Schrom v. Cramer, supra; for therein, the accused was held to answer during one term of the trial court, the information was filed during the next term and the court held that the accused should be tried during the third term, absent good cause to the contrary. See also State v. Rowland, 172 Kan. 224, 239 P.2d 949, 30 A.L.R.2d 455, and Annotation, 30 A.L.R.2d 462."

The pertinent statutory provisions involved in the second issue raised by defendant are as follows:

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse, or other building, tent, vessel, or railroad car, with intent to commit grand or petit larceny or any felony, is guilty of burglary." I.C. § 18–1401 (before 1963 amendment).

"Every burglary committed in the night time is burglary of the first degree, and every burglary committed in the day time is burglary in the second degree." I.C. § 18–1402.

It is to be noted from these provisions that the crime of burglary is committed by the entrance into a building with the intent, described in § 18–1401, regardless of the time of day or night when the entry occurs, and that the time of the entry, as to whether day or night, affects only the degree of the offense. An information is sufficient to charge burglary without any allegation as to whether the entry was made in the daytime or at night. However, such an information charges only burglary of the second degree. State v. Vanek, 59 Idaho 514, 84 P.2d 567; State v. Eubanks, 77 Idaho 439, 294 P.2d 273.

In the Vanek case the information did not allege whether the offense was committed in the daytime or in the nighttime. On appeal the defendants contended that the information was not sufficient to support the conviction and judgment of second degree burglary. After quoting I.C. § 19–2312, which authorizes the jury to find a verdict of guilty of an included offense, the court said:

"The failure to charge the entry was made in the night time excluded first degree burglary, but the information having charged an unlawful and felonious entry of the barn with intent

to steal, thereby necessarily charged second degree burglary. The jury, therefore, could, as it did, find a verdict of guilty of the included lesser offense." 59 Idaho at 520, 84 P.2d at 570.

Likewise, in the Eubanks case, the information did not contain an allegation as to whether the entry occurred in the daytime or nighttime. A special demurrer to the information was sustained on that ground, and the state appealed. In that case we said:

"The time of day does not change the crime from burglary to something else. Nighttime only aggravates the offense, § 18–1403, I.C., and is material only to the higher degree.

" 'It would be burglary in either case, whether committed at night or in daytime, and it cannot be correctly said that because the proof establishes the offense in its aggravated form it does not establish it in its less aggravated form. Where sufficient is proved to establish the offense, it would be altogether illogical to say there was a failure of proof, or a variance between the allegations and proof, simply because more was proved than alleged.' Schwabacher v. People, 165 Ill. 618, 46 N.E. 809, at 811.

"Such reasoning and the conclusion to be drawn therefrom is in harmony with, if not compelled by our statute:

" 'When it appears that the defendant has committed a public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of such degree only.' § 19–2105, I.C.

"The state is required to allege and prove the time of day only when it seeks a conviction of the first degree." 77 Idaho at 442–443, 294 P.2d at 274.

▪ The conclusion that burglary of the second degree is necessarily included in a charge of burglary of the first degree is compelled by I.C. § 19–2311 and the decisions of this court thereunder. That section provides:

"Whenever a crime is distinguished into degrees the jury, if they convict the defendant, must find the degree of the crime of which he is guilty."

In homicide cases this court has repeatedly held that murder of the second degree and manslaughter are necessarily included in the charge of murder of the first degree, and that in the prosecution of a charge of murder of the first degree, the jury may find the defendant guilty of murder of the second degree, or of manslaughter, even though there was no evidence to show that

the offense was of the lesser degree rather than of the greater. State v. Livesay, 71 Idaho 442, 233 P.2d 432; State v. Ellis, 70 Idaho 417, 219 P.2d 953; State v. Hix, 58 Idaho 730, 78 P.2d 1003; State v. Morrison, 52 Idaho 99, 11 P.2d 619; State v. Phinney, 13 Idaho 307, 89 P. 634, 12 L.R.A.,N.S., 935, 12 Ann.Cas. 1079; 21 A.L.R. 603 at 622.

In the Phinney case, after referring to the provisions of the statutes authorizing the jury to render verdict upon an included offense, and imposing upon the jury the duty to find the degree of the crime of which they find the defendant guilty, the court said:

"By the foregoing provisions of the statute, it is made the duty of the jury to find the degree of the crime of which a defendant is guilty where the offense charged is divisible into separate and distinct degrees or grades of crime included within the indictment or information.

"It will be seen from these several provisions of the statute that while, as a matter of law, a defendant found guilty of murder committed by means of poison must necessarily be guilty in the first degree, and the jury should be so instructed, still the statute has delegated the right to, and imposes the duty upon, the jury of themselves determining as to the degree of offense as a matter of fact. The crime of murder is divided into first and second degrees, and that charge necessarily includes the crime of manslaughter, and, while the statute says that murder committed by means of poison shall be of the first degree, it also says that the jury shall have the right to fix the degree, and it makes no exception where the offense is committed by means of poison or any one of the other means enumerated as constituting murder in the first degree. * * *

"* * * We therefor conclude that, although the defendant was charged with the crime of murder perpetrated by means of poison, and that it was the duty of the court to instruct the jury as to the law in such cases, and the grade of offense that they might find defendant guilty of, still it was within the province of the jury to find the degree of the offense, and that, even though the evidence might fully disclose that the defendant was guilty of a higher degree than that found against him, still the verdict could not be disturbed for that reason. It is not an uncommon thing for a jury, out of sympathy, or what they conceive to be extenuating circumstances, to find a defendant guilty of a lower degree or grade of offense than that of which the evidence clearly convicts him; but the fact that they do so is not a ground for reversal of the verdict and judgment. People

v. Dunn, 1 Idaho 74, 77; People v. Walter, 1 Idaho [386], 387; State v. Schieler, 4 Idaho 120, 37 Pac. 272; State v. Hardy, 4 Idaho, 478, 42 Pac. 507; State v. Alcorn, 7 Idaho, [599] 612, 64 Pac. 1014, 97 Am.St.Rep. 252." State v. Phinney, 13 Idaho 307, 312, 316, 89 P. 634, 636.

The court properly instructed the jury that they might find the defendant guilty of burglary of the second degree, and properly entered judgment upon the verdict finding him guilty thereof.

Based upon, and by reason of, the same alleged errors, defendant, in his brief, also urges that he was denied due process in violation of the 14th amendment of the United States constitution. This issue was not raised in the lower court and therefore is not properly before us. Smith v. Shinn, 82 Idaho 141, 350 P.2d 348; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686. However, as we have indicated the record shows, no right of the defendant was violated or denied him. He had a fair trial conducted in accord with the law and established rules and procedure. He was accorded due process.

Judgment affirmed.

KNUDSON, C. J., McQUADE and Mc-FADDEN, JJ., and NORRIS, D. J., concur.