392 P.2d 180

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Fred STEWART, Defendant-Appellant.**

No. 9258.

Supreme Court of Idaho.

May 4, 1964.

Vernon K. Smith and Orvil D. Atkinson, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Richard E. Weston, Asst. Atty. Gen., Boise, C. Robert Yost, Pros. Atty., Canyon County, Caldwell, for respondent.

SMITH, Justice.

Appellant questions the legality of his conviction of a felony after having been charged with, and held to answer a second time in the district court, for the same offense.

On February 25, 1961, a complaint, duly filed, charged appellant (defendant) with first degree burglary allegedly committed on or about that same date. After several continuances, a preliminary hearing was held April 28, 1961, before a magistrate in Canyon County. Appellant thereupon was held to answer in the district court to such charge, and an information so charging him was filed June 20, 1961.

September 1, 1961, appellant petitioned for writ of habeas corpus, and a writ was issued. He contended, (1) that the evidence introduced at the preliminary hearing failed to show probable cause for holding him to answer to a charge of first degree burglary and, (2) that the transcript of the preliminary hearing was not signed and certified by the committing magistrate, as required when the person, transcribing and certifying the proceedings as true and correct, is not the county stenographer. I.C. § 19–812; cf. State v. Rutten, 73 Idaho 25, 245 P.2d 778 (1952); State v. Carlson, 23 Idaho 545, 130 P. 463 (1913). September 12, 1961, the writ was made permanent on the grounds that (1) the transcript of the evidence taken at the preliminary hearing had not been certified by the committing magistrate and (2) the proceedings "were fatally defective for the reason that no order was made in accordance with the statutes of the State of Idaho finding that a crime had been committed and that there was probable cause to believe that said petitioner [appellant] committed such crime"; and ordered that appellant be released from custody.

After the district court decided to grant the writ, the following series of events shown by the minutes of the court of September 12, 1961, admitted in evidence, transpired:

"The Court further ordered the record will show that * * * the Writ is made permanent and that the Motion for Order Quashing Writ is denied and that the defendant [appellant] must be released from custody * * *.

"The Prosecuting Attorney then moved the Court for an Order to send this defendant back for another preliminary hearing on the same charge.

"The Court then ordered that the defendant will remain in custody until

arguments can be heard on that Motion.

"Court recessed at 11:30 a. m.

"At 1:25 p. m. Court reconvened and the Prosecuting Attorney and counsel for petitioner came into Court. The Prosecuting Attorney withdrew his Motion made prior to recess and the Court ordered the record will so show and ordered that the defendant be forthwith given his liberty, and further ordered that the oral recital that the defendant should be forthwith given his liberty, the Court deems sufficient instruction to the Sheriff of Canyon County, Idaho, to release the defendant."

In compliance with the district court's order appellant was released from custody and subsequently he departed from the state of Idaho.

On October 4, 1961, a new complaint was duly filed charging appellant with the same offense he was alleged to have committed on February 25, 1961. Appellant was arrested in Las Vegas, Nevada, on a fugitive warrant and, pursuant to extradition, was returned to the state of Idaho on February 4, 1962, by the sheriff and prosecuting attorney of Canyon County. February 14, 1962, a preliminary hearing was held before a magistrate in Canyon County and appellant was held to answer in the district court for the crime of first degree bur-

glary allegedly committed February 25, 1961. A second information charging appellant with such offense was filed April 12, 1962.

April 13, 1962, appellant filed a petition for writ of habeas corpus alleging, among other things, that he was denied the right to a speedy trial in contravention of Idaho Const. Art. I, § 13. After hearing the motion, the district court denied the petition. April 26, 1962, appellant moved to dismiss the information, again contending that his constitutional right to a speedy trial had been disregarded. After denial of that motion, appellant was arraigned and plead not guilty to the charge of first degree burglary.

On September 5, 1962, after trial, a jury found appellant guilty of the charge of first degree burglary. September 16, 1962, appellant was sentenced to an indeterminate term of penitentiary servitude.

Appellant, by assignments of error, contends that the district court erred in denying his motion to dismiss filed April 26, 1962, based upon alleged denial of a speedy trial; also, that he was, at that time, illegally before the district court, since his return to the state of Idaho from the state of Nevada was in violation of his rights to due process of law. This contention does not appear in the motion to dismiss and is before us for the first time on appeal.

**214**

As to the first assignment of error, appellant's argument, in effect, is that the concerted action of the prosecuting attorney and the district court at the first habeas corpus proceeding on September 12, 1961, constituted an arbitrary and unreasonable delay in the prosecution of the state's case and should have properly resulted in a dismissal of the charge filed against him.

Appellant argues that the prosecuting attorney "abandoned the prosecution," when he chose to withdraw his motion to have appellant remanded for the purpose of holding a new preliminary hearing, such withdrawal having taken place after the district court informed the parties that an order would be issued making the writ of habeas corpus permanent.

In support of his argument, appellant cites Application of Cameron, 97 Okl.Cr. 81, 258 P.2d 208 (1953), a decision which is readily distinguishable on its facts. While the Cameron case stands for the proposition that a criminal charge should be dismissed when there is an unreasonable and arbitrary delay in prosecution, the delay involved therein extended over a period of some 12 years, during which time the petitioner was within the jurisdiction of the state of Oklahoma and available for trial. Such is not the situation in the case at bar.

■ Appellant further argues that the prosecuting attorney and the district court were remiss in failing to comply with the provisions of I.C. §§ 19–4216 and 19–4217, as directly applicable to the situation posed by the habeas corpus proceeding on September 12, 1961. I.C. § 19–4216 provides that if "any person * * * is in custody of any officer on any criminal charge by virtue of any warrant of commitment of a probate judge or justice of the peace, such person *must not* be discharged on the ground of any mere defect of form in the warrant of commitment." (Emphasis supplied). I.C. § 19–4217 details the procedure to be used by the court when confronted with a defect in the "process or warrant of commitment." Under the language of the statute, if it be shown that the defendant is guilty of a criminal offense or ought not to be discharged, the court "must cause the complainant or other necessary witnesses to be subpoenaed to attend * * * to testify before the court * * *; and upon the examination [the court] may discharge such prisoner, let him to bail if the offense be bailable, or recommit him to custody, as may be just and legal." In view of those statutory pronouncements, it was improper for the prosecuting attorney to withdraw his motion to have appellant remanded for a new preliminary hearing, and for the district court to order appellant released from custody. The reason given by the court in its order making the writ of habeas corpus permanent does not evince doubt as to appellant's guilt, but is based

solely upon the technical ground of "mere defect of form in the warrant of commitment." I.C. § 19–4216.

Such courses of action do not, however, aid appellant's cause on appeal. The above referred to sections of the statute must be read in pari materia with I.C. § 19–4224 which recites that "no person who has been discharged by the order of the court * * * upon habeas corpus can be again imprisoned, restrained or kept in custody for the same cause, except * * if, after a discharge * * * for any defect of the process, warrant or commitment in a criminal case, the prisoner is again arrested on sufficient proof and committed by legal process for the same offense." This is precisely what occurred in the case at bar, and the subsequent prosecution of appellant for the alleged commission of the crime of first degree burglary was proper and in accordance with our statutory and decisional law. I.C. §§ 19–4224 and 19–402; State v. Goodmiller, 86 Idaho 233, 386 P.2d 365 (1963); see also Ex parte Heinze, 116 Cal.App. 286, 2 P.2d 561 (1931); Annot., 50 A.L.R.2d § 9 at 963 (1956).

In regard to the proceedings which took place during the latter part of 1961 and through September 4, 1962, the complaint, charging appellant with the crime of first degree burglary was filed during the September 1961 term of the Seventh Judicial District Court; and he was informed against and tried for said crime during the next succeeding term of court which commenced January 5, 1962, and extended to September 7, 1962. Those proceedings were in all respects correct. I.C. § 19–3501; State v. Goodmiller, supra; State v. Davidson, 78 Idaho 553, 309 P.2d 211 (1957).

Appellant's contention that he was illegally before the district court, at the time of filing the notice to dismiss on April 26, 1962, is without merit, and is answered by State v. Goodmiller, supra:

"* * * defendant, in his brief, also urges that he was denied due process in violation of the 14th amendment of the United States constitution. This issue was not raised in the lower court and therefore is not properly before us. Smith v. Shinn, 82 Idaho 141, 350 P.2d 348; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686." 386 P.2d at 370.

Appellant also concedes that the unanimous weight of authority supports the right of a forum state to try an accused, regardless of the manner in which he is returned to the jurisdiction of the forum from another state. This is the long-standing rule in Idaho. Ex parte Olsen, 74 Idaho 400, 263 P.2d 388 (1953); State v. Poynter, 70 Idaho 438, 220 P.2d 386, 51 L.Ed. 148 (1950); Moyer v. Nichols, 203 U.S. 221, 27 S.Ct. 121, 51 L.Ed. 160, affirming In re

Moyer, 12 Idaho 250, 85 P. 897, 12 L.R.A., N.S., 227 (1906).

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963), cited by appellant, is not concerned with the issues raised in the case at bar.

Judgment of the district court is affirmed.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.