452 P.2d 764

George **OLSON**, Plaintiff-Appellant,

v.

**STATE of Idaho**, Defendant-Respondent.
No. 9675.

Supreme Court of Idaho.

March 27, 1969.

Gary L. Morgan, Caldwell, for appellant.

Allan G. Shepard, Atty. Gen., Boise, and Roger B. Wright, Special Asst. Atty. Gen., Idaho Falls, for appellee.

SPEAR, Justice.

On August 23, 1963 the prosecuting attorney of Twin Falls County filed a criminal complaint against appellant, alleging the commission of a first degree murder. The complaint was filed in the City of Twin Falls police court. That same day appellant was taken before the police court for arraignment, and he requested time to obtain counsel. Later the same day he appeared with counsel and requested a preliminary hearing.

On three separate occasions thereafter, the preliminary hearing was postponed pur-

suant to a stipulation between appellant's counsel and the prosecutor. The preliminary hearing was finally had in police court on January 30, 1964. Appellant was then bound over to district court to stand trial on an information which was filed on March 24, 1964. Trial was set for August 17, 1964.

During the first part of July, 1964, appellant conferred with a new attorney, i. e., Vernon K. Smith, and on the 28th day of July, 1964 his original attorneys, Rayborn, Rayborn & Rayborn, withdrew from the case. It is to be noted that this was within three weeks of the date set for beginning the trial. On August 7, 1964 appellant's new attorney moved for a continuance because of the press of other trial work and the August 17th trial date was vacated. The appellant then filed an original proceeding in this court for a writ of habeas corpus on the same grounds relied on later in the trial court but jurisdiction was refused.

Then and on October 20, 1964, appellant filed his application for a writ of habeas corpus in the trial court alleging that he was being invalidly held because the City of Twin Falls police court did not have jurisdiction over the offense allegedly committed by the appellant. Essentially it was contended that the City of Twin Falls had attempted to annex the area wherein the alleged murder occurred, but that the annexation ordinances were improperly drawn particularly concerning the description of the land being annexed.

On December 18, 1964, a hearing was had on the petition for habeas corpus. At the conclusion of the hearing, the district court ordered the appellant's discharge. However, the court concurrently ordered that a new complaint be filed in a court of competent jurisdiction.

Pursuant to the court's order, a new complaint was filed that same day, December 18, 1964, in the probate court of Twin Falls County. The same day appellant was arraigned in probate court. A motion to dismiss the complaint was made but denied. A preliminary hearing was scheduled for January 25, 1965.

Following the preliminary hearing in probate court appellant was once more bound over to district court and an information was filed on February 19, 1965. At appellant's request, arraignment was delayed until March 19, 1965.

In the meantime, however, on February 19, 1965, appellant filed a *second* petition in the district court for writ of habeas corpus. This time his contention had its basis in an alleged denial of speedy trial. Appellant contended that he had been incarcerated for 16 months (from August 23, 1963 until December 18, 1964) before any valid proceedings were taken against him. Apparently it was, and is, appellant's contention that delays he himself instigated or consented to are as divorced from the consideration of the propriety of the delay, as are the questions of the reasonableness of the prosecutor's actions. In any event, the district court denied the application, after a hearing, by an order dated March 19, 1965. It is this latter order that appellant appeals from.

■ Appellant contends that denial of a speedy trial prejudiced him by preventing him from conserving his assets. He was further prejudiced in being unable to remain in contact with his character witnesses so as to refresh their memories. However, a showing of prejudice is not necessary. If the defendant can show an unreasonable delay in prosecution, prejudice is presumed. Richerson v. State, 91 Idaho 555, 559, 428 P.2d 61 (1967).

Appellant presents only one issue: Does incarceration of an accused for 16 months, prior to filing a valid complaint in a court of competent jurisdiction, deny such person his right to a speedy trial as guaranteed under the Idaho Constitution (Art. I, sec. 13 [1]) and I.C. § 19–3501 [2]?

1. "In all criminal prosecutions, the party accused shall have the right to a speedy and public trial; * * *."

2. "19–3501. When action may be dismissed.—The court, unless good cause to the contrary is shown, must order the prose-

There is no contention by the appellant that the delay would have been unreasonable if the police court had had jurisdiction. Nor would such a contention have any merit. The delays in the police court proceedings, such as the lapse of time before a preliminary hearing, were consented to by the appellant through stipulations and motions of his attorneys. Delays which are consented to by the accused constitute a waiver of the right to a speedy trial. Ellenwood v. Cramer, 75 Idaho 338, 272 P.2d 702 (1954).

Appellant's argument appears to be that the passage of an undue period of time between arrest and filing a proper complaint in a court of competent jurisdiction constitutes denial of a speedy trial. However, this court has specifically held that the period commences to run *at the time the complaint is filed,* which presumably would mean a proper complaint from a court of competent jurisdiction. Jacobson v. Winter, 91 Idaho 11, 14, 415 P.2d 297 (1966). Therefore, the infringement of appellant's right to a speedy trial would not begin until the filing of the first *valid* complaint in this case which was actually the second complaint, filed December 18, 1964. However, it should be borne in mind that in the *Jacobson* case, the defendant was already incarcerated in the Idaho State Penitentiary on another conviction when a complaint was filed against him.

Thus it appears that this issue resolves itself into two basic questions: (1) Did the prosecutor unreasonably delay proceedings, and (2) If he did not, does the grant of the first writ of habeas corpus preclude a subsequent prosecution on the same charge?

As to the first question, it is well substantiated that delays by the prosecution which are reasonable are not deemed to violate I.C. § 19–3501. The only "unreasonable" action on the part of the prosecutor was the filing of the complaint in a court without jurisdiction. Without a doubt the prosecutor had reason to believe that the police court had jurisdiction. The City of Twin Falls had annexed the area where the crime occurred. It was only subsequently determined that the annexing procedure was technically defective. The prosecutor's lack of knowledge of the defect and apparent good faith certainly could not be considered "unreasonable" or "without good cause for delay."

"One accused of crime is entitled to be tried under fixed standards and rules, free from capricious and oppressive unnecessary delays and with reasonable diligence. The term speedy trial is relative, and must be considered and construed and applied depending upon all surrounding facts and circumstances. No arbitrary, fixed standard applicable to all situations can be defined. Time must, in many cases, be allowed for preparation, assembling of witnesses, or other reasons, and all circumstances and conditions must be considered in determining whether or not one accused of crime was accorded a speedy trial within the meaning of the constitutional provision." Ellenwood v. Cramer, 75 Idaho 338, at page 343, 272 P.2d 702, at page 705.

Finding, therefore, that the delay was reasonable under all the circumstances, does the grant of the first writ of habeas corpus preclude a subsequent charge? The answer to this must be an emphatic no, if for no other reason than the effect such a holding might have on such matters as reversals of convictions on appeal and remands for new trial. The rule would appear to be that:

"Where a new trial is necessitated because a conviction has been reversed on appeal or set aside on habeas corpus [or where one complaint is dismissed and an—

cution or indictment to be dismissed, in the following cases:

1. When a person has been held to answer for a public offense, if an indictment is not found against him at the next term of the court at which he is held to answer.

2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial at the next term of the court in which the indictment is triable, after it is found."

other filed], the delay between the original indictment and the ultimate trial is not due to any laches on the part of the state; it therefore does not entitle the accused to discharge under a statute providing that he must be discharged if his case is not brought to trial within a designated time after indictment." 21 Am. Jur.2d, Criminal Law § 245; Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419 (1941). See also State v. Goodmiller, 86 Idaho 233, 386 P.2d 365 (1963); State v. Stewart, 87 Idaho 210, 392 P.2d 180 (1964).

This reasoning is bolstered by the provisions of I.C. § 19–3506 [3], § 19–401 [4] and § 19–4224 [5], so far as applying it to the facts of the case at bar is concerned.

The order of the trial court denying appellant's application for discharge under his writ of habeas corpus is affirmed.

McFADDEN, C. J., DONALDSON, J., and SMITH, District Judge, concur.

McQUADE, J., concurs in the conclusion.

---

3. "19–3506. Effect of dismissal as bar.— An order for the dismissal of the action, as provided in this chapter, is a bar to any other prosecution for the same offense, if it is a misdemeanor; but it is not a bar if the offense is a felony."

4. "19–401. Prosecutions for murder.— There is no limitation of time within which a prosecution for murder must be commenced. It may be commenced at any time after the death of the person killed."

5. "19–4224. Imprisonment after discharge. —No person who has been discharged by the order of the court or judge upon habeas corpus can be again imprisoned, restrained or kept in custody for the same cause, except in the following cases:

1. If he has been discharged from custody on a criminal charge and is afterwards committed for the same offense by legal order or process.

2. If, after a discharge for defect of proof, or for any defect of the process, warrant or commitment in a criminal case, the prisoner is again arrested on sufficient proof and committed by legal process for the same offense."