**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40881**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 732** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: October 31, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **FREDDY T. TELLEZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Robert J. Elgee, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct illegal sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben Patrick McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Freddy T. Tellez filed an Idaho Criminal Rule 35 motion to correct an illegal sentence, which the district court denied. On appeal, Tellez asserts the district court erred by denying the motion. The appeal is based not on the sentence imposed, but rather on the argument that the court lacked subject matter jurisdiction. Here, a grand jury issued an indictment for first degree murder. However, pursuant to a plea agreement, the State filed a second amended indictment charging second degree murder, to which Tellez entered a guilty plea and was sentenced. Tellez asserts the district court lacked subject matter jurisdiction because the second amended indictment charged a crime that was not an included offense under the original indictment and a grand jury never voted for the indictment for second degree murder.

1

It is well established that a charge of first degree murder includes the offense of second degree murder. *State v. Goodmiller*, 86 Idaho 233, 240-41, 386 P.2d 365, 369 (1963) ("[T]his court has repeatedly held that murder of the second degree and manslaughter are necessarily included in the charge of murder of the first degree . . . ."); *State v. Hix*, 58 Idaho 730, 735, 78 P.2d 1003, 1005 (1938) ("It is the established law of this state that every charge of murder necessarily includes the offense of murder in the first degree, murder in the second degree, and manslaughter . . . ."); see also *State v. Lindquist*, 99 Idaho 766, 771, 589 P.2d 101, 106 (1979) ("When the defendant was found guilty of first degree murder, he was necessarily found guilty of the lesser included offense of second degree murder."); *State v. Sanger*, 108 Idaho 910, 913, 702 P.2d 1370, 1373 (Ct. App. 1985) ("Sanger was not convicted of first degree murder, instead he was found guilty of the lesser included offense of second degree murder."). Mindful that the State may amend an indictment to allege an included offense, and that second degree murder is an included offense of first degree murder, Tellez nonetheless asserts the district court lacked subject matter jurisdiction. Because Tellez has failed to show error in the denial of his motion, the district court's order denying Tellez's Rule 35 motion for correction of an illegal sentence is affirmed.