(No. 25664.—

THE PEOPLE *ex rel.* RICHARD F. PONCHER, Appellant, *vs.* THOMAS J. O'BRIEN, Sheriff, Appellee.

*Opinion filed October 11, 1940—Rehearing denied Dec. 10, 1940.*

JULIUS REZNIK, for appellant.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JAMES V. CUNNINGHAM, and WALTER L. McCOY, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In this case Richard F. Poncher, appellant, appeals from an order entered in a *habeas corpus* action in which he resisted extradition to the State of Michigan. By his original petition he challenged the sufficiency of the extradition proceedings on general grounds, but, by a traverse filed to appellee's answer, pleaded that no agent of the demanding State appeared to receive him within six months from the date of his arrest and that under the laws of the United States (U. S. C. A. title 18, sec. 662; U. S. Rev. Stat. sec. 5278;) and the Illinois Fugitives from Justice act (Ill. Rev. Stat. 1939, chap. 60, sec. 5) he was entitled to be discharged. The only question presented on this appeal is as to appellant's right to be discharged under said statutes.

The pertinent part of the Federal statute provides: "If no such agent appears within six months from the date of the arrest, the prisoner may be discharged," and the material provision of section 5 of the Illinois statute is: "In no case shall the accused be held in prison or to bail longer than six months after his caption. If he is not demanded within that time, he shall be discharged from prison, or exonerated from his recognizance, as the case may be." Appellant contends that appellee did not answer the allegation in the traverse, that no agent of the demanding State appeared to receive him within six months from the date of his arrest, and that such failure to deny is an admission of the facts pleaded. This contention is without merit for it appears that, with the consent of counsel for appellant, the court directed appellee's return to stand as a reply to the traverse.

From the records attached to appellant's return and the evidence, it appears that September 30, 1937, a warrant for the arrest of appellant was issued by a court of Kalamazoo county, Michigan; on May 3, 1939, he was arrested in Cook county. Sometime after his arrest appellant appeared before the municipal court of Chicago and entered into a

recognizance. Neither the date nor the conditions of such recognizance are shown. May 5, 1939, the governor of the State of Michigan executed a requisition directed to the Governor of this State requesting the apprehension and delivery of appellant to Charles W. Struble, agent for the demanding State. The record does not disclose the date of the delivery of the requisition to the Governor but, on October 18, 1939, a rendition warrant was issued and on November 28 appellant was apprehended by authority of the warrant and taken before the criminal court of Cook county.

The rendition warrant was issued by the Governor within six months from the date of the first arrest. Its issuance made a *prima facie* case against appellant. (*People* v. *Munie*, 354 Ill. 490; *People* v. *Wirz*, 349 id. 80; *People* v. *Meyering*, id. 198.) The warrant was not executed within six months from the date of the first arrest and the record is silent as to the cause of such delay. Under such conditions it must be assumed that the public officials charged with its delivery and execution did their duty and that immediately after its issuance it came into the hands of appellee and that he undertook to apprehend appellant. The burden rested upon the appellant to overcome such assumption. The agent of the demanding State could not receive appellant until he had been apprehended by the authority of the rendition warrant, and, as far as the evidence discloses, the agent named in the warrant appeared ready to receive him immediately after his arrest. If the delay in executing the warrant was caused by appellant's actions, then he is in no position to ask to be discharged under the Federal or State statutes. Appellant did not make the proof required to entitle him to a discharge under either of said statutes.

The order of the criminal court of Cook county is affirmed.

*Order affirmed.*