(No. 26335.— )
The People *ex rel.* Richard F. Poncher, Appellant, *vs.*
Thomas J. O'Brien, Sheriff, Appellee.

*Opinion filed January 20, 1942—Rehearing denied March 11, 1942.*

Julius Reznik, (C. A. Caplow, of counsel,) for appellant.

George F. Barrett, Attorney General, and Thomas J.
Courtney, State's Attorney, (Edward E. Wilson, John
T. Gallagher, Melvin S. Rembe, James T. Cunningham, and Walter L. McCoy, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Appellant, Richard F. Poncher, filed his petition for
*habeas corpus* in the criminal court of Cook county praying
to be discharged from the custody of Thomas J. O'Brien,
sheriff of said county. Appellant was in the custody of
the sheriff by virtue of a *capias* issued for the arrest of
appellant upon the denial of a petition for rehearing in
the case of *People ex rel. Poncher* v. *O'Brien,* 374 Ill. 568.
In this last mentioned case appellant was adjudged to be
lawfully subject to extradition upon the demand of the

Governor of the State of Michigan. We have jurisdiction of appeals in extradition cases. Ill. Rev. Stat. 1941, chap. 60, par. 2.

In the present case it is the contention of appellant that the signature purporting to be attached to the rendition warrant by former Governor Henry Horner was a forgery and therefore said warrant was utterly void. It appears from the former case, as well as from the petition, that the rendition warrant of Governor Horner had been issued before the filing of the first *habeas corpus* proceeding in *People* v. *O'Brien, supra.*

It is contended that extradition being based upon the Federal statute a new question is presented which should be reconsidered by this court. No Federal question is involved in the proposition of whether the signature of former Governor Horner was forged to the rendition warrant, as such issue involves a pure question of fact. There is no proof in the record to show that the signature of former Governor Horner was forged as alleged in the petition. The testimony adduced by appellant shows that the Governor's secretary was authorized by Governor Horner to sign such warrants. The signing of a warrant for extradition by the Governor of a State is a ministerial function, and all that is required is that he direct his name to be so affixed. The statute does not require that the Governor sign a warrant, but merely that he "issue his warrant."

In *State* v. *Moeller,* 253 N. W. (Minn.) 668, and in *Young* v. *Stoutamire,* 176 So. 759, it is held that under the Federal statute the duty and responsibility of issuing a warrant of extradition is placed upon the Governor, but that he is not required, by law, to personally sign the warrant. In view of the fact that the act of the Governor in such cases is ministerial, and that he be merely required under the law to issue the warrant, the point made that the signature of the Governor may have been executed by some other person is without merit. There is no evidence

in the case that the warrant was not issued by the Governor. The case of *In re Tod,* 81 N. W. 637, 12 S. D. 386, is not in point. In that case it is found that the warrant was in fact never issued by the Governor.

It further appears in the record that in February, 1941, after the petition for rehearing had been denied by this court, the present Governor, Dwight H. Green, directed that the extradition warrant involved in this case stand as originally issued. In *State* v. *Moeller, supra,* where an extradition warrant had been quashed and was directed by the Governor to be reinstated it was held sufficient against the petition for *habeas corpus,* even though the Governor did not actually sign it.

We are further of the opinion that the criminal court of Cook county properly dismissed the petition under authority of *People ex rel. Stead* v. *Superior Court,* 234 Ill. 186. All of the facts alleged in the petition occurred prior to the trial of *People* v. *O'Brien, supra,* in which case rehearing was denied on December 10, 1940. In *People* v. *Superior Court, supra,* we held that affirmance by the Supreme Court of a judgment of conviction must be regarded by the lower courts as a final determination that the judgment is valid and that there are no errors in the record, and if any *nisi prius* judge, having jurisdiction in *habeas corpus,* enters an order granting the writ, for any alleged error in the record, his act is wrongful interference with the Supreme Court's appellate jurisdiction and the order may be removed from the record, which would leave the trial court without jurisdiction to issue a writ of *habeas corpus.* The principle would have applied here had the criminal court issued a writ of *habeas corpus.*

There is no merit in the appellant's contention, and the judgment of the criminal court of Cook county is, accordingly, affirmed. *Judgment affirmed.*