(No. 32055.—

THE PEOPLE *ex rel.* Angelo Tarranto, Appellant, *vs.* JOHN E. BABB, Sheriff, Appellee.

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

BERKSON & SPITZER, of Chicago, for appellant.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and JAMES V. CUNNINGHAM, all of Chicago, of counsel,) for appellee.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Relator, Angelo Tarranto, appeals from an order of the criminal court of Cook County quashing his petition for a writ of *habeas corpus* and remanding him into custody of the sheriff. The appeal is brought under the provisions of section 2 of the Fugitives From Justice Act. Ill. Rev. Stat. 1951, chap. 60, par. 2.

On July 7, 1950, relator was arrested on a fugitive warrant issued at the request of New York authorities. On July 10, 1950, he requested a hearing before the Governor, for the purpose of objecting to the issuance of a warrant for his return to New York, and a hearing was set for August 21, 1950. The hearing was continued from time to time, at relator's request, until October 10, 1950, when a warrant of the Governor was issued ordering the return of relator to New York.

In the meantime, on July 24, 1950, a petition for writ of *habeas corpus* was filed on behalf of relator, and the proceedings thereon were continued from time to time thereafter. On December 13, 1950, relator filed an amended petition, alleging as a further ground for his release that no agent of the demanding State had appeared for delivery of relator within thirty days from the time of his arrest. The order from which relator appeals was entered January 10, 1951.

The only question presented on this appeal is whether, under the Federal extradition laws, relator is entitled to be discharged because no agent of the demanding State appeared to receive him within thirty days from the date of

his arrest. The statute in question (U. S. Code, title 18, sec. 3182; F.C.A. 18, sec. 3182;) provides as follows: "Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District or Territory to which such person has fled, and produces a copy of an indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged."

The contention that failure of the New York agent to appear within the thirty-day period entitles relator to his discharge cannot be sustained under the circumstances disclosed by this record. It is clear that the agent of the demanding State could not receive the relator until the proceedings for a writ of *habeas corpus* were concluded, and that relator's action in requesting a hearing before the Governor and in filing his petition for *habeas corpus* was the cause of the delay. The postponement was not obtained by reason of any request on the part of the New York authorities or their agent. Where the latter would be unable to receive the relator if he appeared within thirty days after the arrest, it is not incumbent upon him to do so. The statute will not be construed to require a useless or futile act on the part of the agent of the demanding State. The delay here was caused by relator's actions. Under such circumstances he cannot complain that he was con-

fined or held under bail longer than thirty days without anyone seeking to return him to the demanding State. *People ex rel. Poncher* v. *O'Brien,* 374 Ill. 568; *People ex rel. DeBardas* v. *Toman,* 364 Ill. 516.

Relator has failed to show that he is entitled to a discharge and the order of the criminal court of Cook County is, therefore, affirmed.                              *Order affirmed.*