(No. 41613.—

THE PEOPLE *ex rel.* Clarence C. Jolley, Appellant, *vs.* WIL-LARD M. KOEPPEL, Sheriff, Appellee.

*Opinion filed March 27, 1969.*

WALTER W. WINGET II, and WINGET & WINGET, both of Peoria, for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and ROBERT S. CALKINS, State's Attorney, of Peoria, (FRED G. LEACH, Assistant Attorney General, and RONALD

L. HAMM, Assistant State's Attorney, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Clarence C. Jolley was arrested by the sheriff of Peoria County, for the purpose of extradition, on a rendition warrant issued by the Lieutenant Governor of this State on requisition by the Governor of the State of Washington. On a petition by Jolley challenging the sufficiency of the warrant and extradition papers, a writ of *habeas corpus* was issued in the circuit court of Peoria County. A response was filed by the sheriff, after which the writ was quashed and the petition dismissed. Relator appeals.

The rendition warrant issued by the Illinois Lieutenant Governor recites that the Governor of the State of Washington "has produced and laid before me a copy of an affidavit (Complaint) made Before a Magistrate" and a copy of a "Judgment And Sentence certified as authentic by the said Governor and duly authenticated and charging the said Clarence C. Jolley with having committed on the 26th day of March A.D. 1965 in the County of Yakima in the said State of Washington the crime of First Degree Forgery (& Escape) * * *." The relator argues that the supporting papers do not include a copy of the first document referred to, namely the affidavit made before a magistrate, and that the document entitled "Judgment and Sentence" is neither signed, sealed nor exemplified. With respect to documents which must accompany the demand, section 3 of the Uniform Criminal Extradition Act designates three alternatives, compliance with any one of which is sufficient. (Ill. Rev. Stat. 1967, ch. 60, par. 20.) The third alternative is "a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken

the terms of his bail, probation or parole." In the case at bar the requisition is accompanied by a paper purporting to be a copy of the "Judgment and Sentence" rendered July 6, 1965, in case numbered 13613 entitled "The State of Washington v. Clarence C. Jolley" and it recites that he has fled. The fact that the signatures on the copy of the judgment are typewritten provides no basis for objection, since the requisition to which it is annexed certifies that "the annexed documents are duly authenticated" in accordance with the laws of the State of Washington. This is sufficient to satisfy the statute. *People ex rel. Gates* v. *Mulcahy*, 392 Ill. 498.

It is insisted that on the requisition the signature purporting to be that of the Governor of the State of Washington is not in fact his signature, and we are urged to compare it with a specimen purportedly made before a notary on the Governor's letterhead, submitted as an exhibit. It is not the function of this court to redetermine questions of fact presumably submitted to and decided by the trial court. On the basis of this record we cannot say a finding of authenticity would be unreasonable, but in any event the actual signing is merely a ministerial function. All that is required is that the Governor direct his name to be affixed. (*People ex rel. Poncher* v. *O'Brien*, 379 Ill. 127.) We cannot accept the relator's argument.

Relying on *People ex rel. Ritholz* v. *Sain*, 24 Ill.2d 168, the relator contends that the requisition, which states relator "stands charged" with the crimes of first degree forgery and escape, is not supported by the paper entitled "Judgment and Sentence," since the latter document showed he had in fact been previously convicted of the charges. There is no conflict or contradiction. Even after conviction a person remains charged with the crime, within the meaning of extradition statutes, so long as the conviction remains unsatisfied. (*People ex rel. Banks* v. *Farner*, 39 Ill.2d 176.) The case at bar is distinguishable from the *Ritholz* decision. In that

case the demand recited that relator stood charged by "complaint and warrant" whereas the supporting papers showed he was charged of the crime by virtue of a conviction, and we held this to be a fatal contradiction. The requisition in the case at bar differs, since it merely recites generally that it appears from "the annexed documents" that relator stands charged with the crime. The annexed documents include a copy of the "Judgment and Sentence," which as we have indicated is sufficient since a person remains charged even after conviction. The demand here, which refers to "the annexed documents" is in no way inconsistent with the papers showing conviction. *People ex rel. Banks* v. *Farner,* 39 Ill.2d 176.

It is lastly urged that error was committed in admitting hearsay testimony, and in failing to strike the response of the sheriff on the ground that its verification was merely "to the best of his knowledge, information and belief." We have considered these remaining contentions but find them without sufficient merit to justify further discussion. There is little question but that the relator is charged with crime in the State of Washington and is a fugitive from justice from that State. The only purpose of extradition is the return of the fugitive to the place of the alleged offense. The proceeding is not attended with the rules and formalities of an inquiry into the merits of the charges, and the statute should be given a liberal application to accomplish a return of the fugitive summarily. See *People ex rel. Banks* v. *Farner,* 39 Ill.2d 176, 180.

The relator was not entitled to be discharged, and the circuit court properly quashed the writ and remanded the relator to the custody of the sheriff. The judgment will be affirmed.

*Judgment affirmed.*