Donald K. Dunn, Plaintiff-Appellee, *v.* C. Davis Hoefer, Defendant-Appellant.

(No. 71-201; )

Second District—June 7, 1972.

Goldsmith, Dyer, Thelin & Schiller, of Aurora, for appellant.

G. Williams Richards, of Aurora, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment rendered for plaintiff in a contract action brought in small claims court, and from denial of defendant's counterclaim.

Three arguments are presented by defendant: 1) the trial court erred

in holding that plaintiff substantially complied with the contract requirements or, in the alternative, that his noncompliance was inconsequential; 2) the court erred in denying the counterclaim; and 3) the court's decision on damages was contrary to the terms of the contract.

The report of proceedings (under Supreme Court Rule 323(c)), reveals that the defendant was the "executive sales manager" of a sales organization which, through sales representatives, sold at retail automobile safety control units purchased from a manufacturer. On August 10, 1970, plaintiff, as a sales representative in training, entered into a written agreement with defendant whereby plaintiff was to purchase ten units of inventory from defendant. Under the agreement, defendant agreed to repurchase any unsold units after ninety days if, during that time, plaintiff would attend two training classes each month and two sales meetings each week. Following execution of the contract, plaintiff paid defendant $2,309.80, and defendant ordered ten units of inventory from the manufacturer for $1,350.00. Defendant received these units but has never delivered them to the plaintiff.

At trial, plaintiff and his wife testified that defendant informed them that it was not necessary for plaintiff to attend all the meetings required by the contract. Defendant specifically denied this testimony. It is admitted that plaintiff did not attend all of the meetings, but it disputed exactly how many he did attend.

Before the ten units were delivered, defendant, on plaintiff's behalf, sold two units which were supplied from his own stock and restored from plaintiff's inventory when it was delivered. Plaintiff was paid a commission of $362.38 by defendant for the two units sold.

Within the time specified under the contract, plaintiff, in writing, notified defendant of his desire to have his inventory repurchased. Defendant refused and plaintiff filed this action. Defendant denied liability alleging that plaintiff had failed to perform the training and meeting requirements of the contract; he counterclaimed for shipping and storage charges attributable to plaintiff's inventory, and for the reasonable value of his services in selling and installing the two units.

The complaint demanded the sum of $1,651.44, together with interest. The trial court, based upon the complaint, entered a judgment for plaintiff in the sum of $700, together with possession of the remaining eight units of inventory.

Defendant contends that the trial court erred in holding that the plaintiff substantially complied with the requirements of the contract or that his non-compliance was of no consequence. We find no merit or foundation for this contention. The order makes no such finding; in actuality, it relates no reasons for the court's decision.

■■ The evidence presented at trial created an issue as to whether the provision of the contract, which required plaintiff to attend certain meetings, was waived. There is no question that a party to an express contract may waive certain of its provisions and that such waiver may be shown by parol evidence. (*Welsh v. Jakstas* (1948), 401 Ill. 288, 298-299; *Becker v. Morstadt* (1942), 381 Ill. 422, 427; and *McQueeny v. Daily* (1957), 14 Ill.App.2d 477, 479-481.) There being a direct conflict between plaintiff's and defendant's testimony concerning the necessity for plaintiff to attend the meetings, it became necessary for the trial court to determine whom to believe. The conflict was resolved in favor of the plaintiff. It is not the function of a reviewing court to re-determine questions of fact presumably submitted to and decided by the trial court (*People ex rel. Jolley v. Koeppel* (1969), 42 Ill.2d 257, 259) unless it is claimed that the findings of fact are against the manifest weight of the evidence. Defendant herein makes no such claim.

■■ Defendant argues that the trial court erred in denying his counter-claim, alleging plaintiff to be liable for shipping and storage costs on the latter's inventory and for the reasonable value of defendant's services in selling and installing certain of plaintiff's units. Plaintiff's liability is limited to the obligations contained in the contract. (*United Mail Order Union v. M. Ward* (1956), 9 Ill.2d 101, 108, *cert.* den. (1957), 352 U.S. 1002.) The contract made no provision for payment by plaintiff of additional costs such as those presented in defendant's counterclaim.

■■ The defendant claims error in the damages awarded to the plaintiff. The complaint was for $1,651.44 but the order allowed $700 "and possession of the eight (8) units held by the defendant * * *." The element of damages, as any other necessary element, must be alleged and proved. The record herein fails to establish any basis or proof for the award allowed. We therefore remand this cause with directions to conduct a hearing to establish the proper amount of plaintiff's damages.

Judgment in favor of the plaintiff is affirmed, and the cause remanded with directions.

Judgment affirmed; cause remanded with directions.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.