*In re* EXTRADITION OF THOMAS C. LEONARD, a/k/a NED WILDER.— (THOMAS C. LEONARD, a/k/a NED WILDER, Petitioner-Appellant.)

(No. 74-303;

Third District—April 30, 1975.

Philip M. Basvic and Howard Ross, both of Chicago, for appellant.

Martin Rudman, State's Attorney, of Joliet, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Petitioner Thomas C. Leonard appeals from an order of the Circuit Court of Will County which denied his petition for habeas corpus, and which remanded him to the custody of the authorities for extradition to the State of Alabama.

The record in the case discloses that Thomas C. Leonard was convicted of aggravated incest by a Cook County Circuit Court on April 12, 1968, and that he was sentenced to a term of 4 to 8 years in the penitentiary. Six days thereafter, the State of Alabama filed a detainer on petitioner Leonard in the nature of a requisition demand signed by Alabama Governor Wallace.

The demand stated that:

"Thomas C. Leonard aka Ned Wilder ISP 63337 stands charged with the crime of Convicted of Robbery (1st & 2nd) Assault with Intent to Rob and Escaped from Lawful Custody * * *." (The portions underlined represent the language filled in the blanks on the printed demand form.)

According to underlying indictments and the petition of L. B. Sullivan, Commissioner of the Alabama Board of Corrections, one T. C. Leonard was indicted in 1939 on a robbery charge and upon conviction was sentenced to several years on probation. In 1941 he was indicted again on two robbery charges. Upon conviction in both cases, he was sentenced to consecutive terms of 12½ years in the penitentiary; his probation on the earlier conviction was revoked; and the probation sentence was replaced with a consecutive 5-year sentence. Leonard thus began a 30-year sentence in prison. According to Commissioner Sullivan's petition, Thomas Leonard escaped from the penitentiary at Montgomery, Alabama, on July 25, 1960.

Petitioner Leonard was granted parole by Illinois Parole Board effective on February 22, 1974, subject to the dismissal of the outstanding Alabama fugitive warrant. Leonard was still in custody on June 28, 1974, when his attorneys notified the Will County State's Attorney, Martin Rudman, Stateville Warden Joseph Cannon, and Commissioner Sullivan, that they would file a petition on July 10 for habeas corpus. Copies of the four-page petition and the accompanying documents were attached. On July 19, 1974, petitioner and his attorneys appeared in court and filed the petition and supporting documents. An assistant State's attorney was present, appearing on behalf of Warden Cannon. No responsive pleadings were filed by anyone. The assistant State's attorney was permitted to argue in the case over defense objections. The only testimony in the case consisted of brief questioning of petitioner, in the course of which he simply denied ever being known as "T. C. Leonard."

The trial court concluded that the requisition demand of Governor Wallace on behalf of Alabama, and the resulting rendition warrants signed by Governor Walker on behalf of the State of Illinois, were regular on their face and that no grounds existed for granting a writ of habeas corpus. The extradition of fugitives from justice, from one State to another, is provided for in the United States Constitution (art. IV, § 2), and in the Federal Statutes (18 U.S.C. § 3182). In Illinois and other States, more specific rules are set forth in the Uniform Criminal Extradition Act (Ill. Rev. Stat. 1973, ch. 60, pars. 18—49).

■■ In *People ex rel. Jolley v. Koeppel* (1969), 42 Ill.2d 257, 260, 246 N.E.2d 247, the Illinois Supreme Court states:

> "The only purpose of extradition is the return of the fugitive to the place of the alleged offense. The proceeding is not attended with the rules and formalities of an inquiry into the merits of the charges, and the statute should be given a liberal application to accomplish a return of the fugitive summarily."

(See also *People ex rel. Hackler v. Lohman* (1959), 17 Ill.2d 78, 84, 160 N.E.2d 792.) In a further outline of principles applicable to extradition, the supreme court of this State stated in *People ex rel. Ritholz v. Sain* (1962), 24 Ill.2d 168, 173, 180 N.E.2d 464:

> "Nonetheless, the right of personal liberty the fugitive enjoys under the United States constitution gives him the right to require in an extradition proceeding that he be substantially and in good faith charged with an offense against the laws of the demanding State, that he be afforded an opportunity to show he is not in fact a fugitive from justice, and that the demand be made in due and proper form."

■■■ It is thus apparent that a person sought to be extradited may

contest the propriety of such action by bringing a petition for writ of habeas corpus (Ill. Rev. Stat. 1973, ch. 60, § 27). The scope of inquiry in such proceeding is limited to three questions: (1) whether the accused is substantially charged with the crime under the laws of the demanding State; (2) whether the person in custody is the person charged;. and (3) whether he is a fugitive from justice (*People ex rel. Kubala v. Woods* (1972), 52 Ill.2d 48, 54, 284 N.E.2d 80; *People ex rel. Hackler v. Lohman* (1959), 17 Ill.2d 78, 84, 160 N.E.2d 792). Petitioner contends that the trial court committed error in denying his petition and that the· Alabama requisition demand and Illinois rendition warrant executed thereon are insufficient. He also contends that the State failed to make a prima facie case against the petitioner. The arguments are framed in contentions that (1) the trial court did not read the relevant documents or the petition; (2) the respondents did not file a written answer to the petition; (3) it was not shown that petitioner is the same person as is being sought by Alabama; and (4) that it was not shown that petitioner was a fugitive from justice.

As to the first argument of petitioner, he asserts that the hearing lasted only about 30 minutes and contends that the trial judge could not possibly have read the papers in that time. While the petition and the other documents were apparently filed the same day of the hearing, it is not known how much time the judge might have had to read the papers before the hearing. The court could also have read the papers sufficiently to understand what was being presented during the hearing. The court pointed out to counsel that he had heard many such extradition cases in the past and was quite familiar with the relevant law. It is clear, in any event, that no prejudice resulted to petitioner on the basis of petitioner's contention.

■■ The second argument of petitioner is that respondents failed to file written answers. The fact that written answers were not filed does not mean that the court must find in petitioner's favor. A similar situation arose in another extradition case where the court applied the usual rule to the effect that failure to answer admits only facts well pleaded but does not admit that such acts constitute a cause of action nor does it admit those parts of the complaint or petition which are merely legal conclusions. (*People ex rel. Lacanski v. Backes* (1960), 19 Ill.2d 541, 543, 189 N.E.2d 286.) The operative sections of the petition before us conclude that the requisition of Alabama Governor Wallace is void because of various "facts" then set out. It is apparent that respondent did not challenge any of the well-pleaded facts, but the conclusion that the requisition is void, however, is not admitted by absence of written answer to the petition. The "facts" which petitioner argues, on appeal, are

brought forth in his remaining contentions that the State did not prove his identity or that he was a fugitive from justice.

■■ Petitioner first points out that all of the underlying papers—complaints, indictments, transcripts—refer to the alleged fugitive as "T. C. Leonard." Petitioner testified at the hearing that he had never been known by that name. He contends that since the requisition and rendition warrants seek "Thomas C. Leonard aka Ned Wilder ISP 63337" there is a discrepancy in the names, and the State has not shown that he is indeed the person sought by Alabama. It is clear, however, from the proceedings, that he is in fact Thomas C. Leonard.

In *People ex rel. Maypole v. Meyering* (1934), 358 Ill. 589, 193 N.E.2d 495, the underlying indictment named the defendant as "Henry Burke." The requisition from Ohio and the Illinois rendition warrant named "Roy Maypole, alias Henry Burke." Maypole testified that he had never been known as Henry Burke, and no evidence was introduced to the contrary. The court found a complete lack of evidence showing that Roy Maypole, the petitioner therein, was the same person as the Henry Burke sought by Ohio authorities, and the court in that case stated at 358 Ill. 589, 593—94:

> "* * * neither Governor can insert in the requisition or warrant any name or names other than appear on the face of the indictment or affidavit which constitutes the foundation for the requisition. Upon principle, as well as upon authority, it is also clear that the name in the warrant is immaterial if the person arrested is, in fact, the identical person indicted or intended to be charged in the demanding State, the only effect of such an error or unauthorized act being to shift the burden of proof to the respondent as to identity."

Thus, if the difference in the names on the indictment or the extradition papers is significant, then its only effect is to shift the burden of proof as to identity to the State. In the cause before us, however, in the words of the court in *People ex rel. Mortensen v. O'Brien* (1939), 371 Ill. 351, 353, 20 N.E.2d 782:

> "The identity of names gives rise to a presumption that he [petitioner] is the person mentioned in the warrant."

Here "T. C. Leonard" and "Thomas C. Leonard" are virtually the same name and obviously refer to the same person. The testimony of petitioner that he was never known as "T. C. Leonard" is not convincing or conclusive, in absence of any testimony that he is not the person sought by Alabama authorities. The State's burden, if any, was met by the presumption thus arising from the identity of names, which presumption was not overcome by Petitioner's evidence.

The other "fact" suggested by petitioner, as a basis for finding the

requisition and rendition warrant void, is the wording of the requisition demand quoted at the beginning of this opinion. Petitioner argues that the demand indicates that he is charged with various crimes in Alabama, when, in actuality, the supporting papers (indictment, etc.) clearly show that he was convicted and sentenced long ago. A proper interpretation of the language typed in the blanks of the printed demand form, when read in the context of the supporting papers, clearly shows that petitioner escaped from the Alabama penitentiary after serving some 20 years of a 30-year sentence for various robberies. In addition to committing the crime of escape, petitioner remained charged with the crimes for which he was doing time, within the meaning of the extradition statute until the sentences were completed. *People ex rel. Jolley v. Koeppel* (1969), 42 Ill.2d 257, 259, 246 N.E.2d 247. See also *People ex rel. Hackler v. Lohman* (1959), 17 Ill.2d 78, 87, 160 N.E.2d 792.

Our supreme court (in a case recognized as an aberration) once held that a rendition warrant had to clearly show whether a fugitive was sought for trial or for completion of sentence on a conviction, in *People ex rel. Ritholz v. Sain* (1962), 24 Ill.2d 168, 180 N.E.2d 464. The discharge of a fugitive in that case has been called by the same Illinois Supreme Court subsequently: "An isolated deviation * * * and * * * a derelict on the body of the extradition law" in *People ex rel. Brown v. Jackson* (1971), 49 Ill.2d 209, 213, 274 N.E.2d 17. In the cause before us, any confusion raised by the wording of the Alabama requisition and in the Illinois warrant, is resolved by an examination of the accompanying indictments and transcripts, and the petition of Commissioner Sullivan. Such documents may be referred to in order to cure legal deficiencies, if any, in the demand and warrant (*People ex rel. Hackler v. Lohman* (1959), 17 Ill.2d 78, 88-89, 160 N.E.2d 792; *People ex rel. Ritholz v. Sain* (1962), 24 Ill.2d 168, 172, 180 N.E.2d 464). Petitioner, therefore, is clearly charged with committing the crime of escape in having failed to complete sentences for past convictions and as such is properly considered a fugitive from justice and subject to extradition.

■■ The rendition warrant signed by Governor Walker, based on the demand of Alabama's Governor Wallace, and the supporting papers, makes a prima facie case on behalf of respondent. (*People ex rel. James v. Lynch* (1959), 16 Ill.2d 380, 384, 158 N.E.2d 60, *cert. denied*, 361 U.S. 864.) Petitioner has not established sufficient grounds to overcome the regularity appearing on the face of the warrant.

For the reasons stated, the order of the Will County Circuit Court denying the petition for habeas corpus is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.