544 P.2d 1148

**Walter Dale BALLA, Petitioner-Appellant,**

v.

**The STATE of Idaho, Respondent-Appellee.**

**No. 11558.**

Supreme Court of Idaho.

Jan. 21, 1976.

---

Walter Dale Balla pro se.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Ronald D. Bruce, Asst. Atty. Gen., Boise, for respondent-appellee.

PER CURIAM.

This is appellant's fifth appeal to this Court all of which arise from his conviction for robbery and kidnapping, his incarceration in the state penitentiary, his escape therefrom and his subsequent conviction for that escape and recidivism. In his petition for habeas corpus relief, appellant argues denial of his right to a speedy trial. That relief was denied in the district court and we affirm.

The facts asserted by the State and uncontroverted by appellant are: on July 6, 1972, appellant escaped from the Idaho State Penitentiary. A complaint and warrant for his arrest immediately resulted. Appellant was captured in the State of Washington on April 7, 1973. Idaho authorities were notified on April 10 of the arrest and of appellant's resistance to his extradition. On April 13, Idaho authorities initiated the preparation and approval of the necessary extradition papers through the offices of the district court clerk, the Governor, the Attorney General's office and the Secretary of State. The Governor of Washington received this demand for extradition on May 2, 1973, and he scheduled a hearing thereon for May 25. Appellant's appointed counsel procured a delay until June 1. The Governor authorized appellant's extradition on July 10, and appellant was returned to Idaho on July 13. From that date and until September 19, 1973, the requisite procedural formalities were observed and the only substantial delays in that time period were occasioned by appellant's own requests for continuances. On September 19, 1973, the district court, without objection, scheduled the expected three-day trial for the first available spot on the court calendar: January 9, 10 and 11, 1974, at which time appellant was tried and convicted. Appellant had not alleged denial of his right to a speedy trial until January 4, 1974, on a motion to dismiss the charges against him.

■ Such facts do not reveal a denial of the right to a speedy trial, even assuming *arguendo* that this appeal is properly presented for our consideration. Any delay occasioned by appellant's resistance to extradition is to be tolled for the purposes of a speedy trial question; it cannot be charged against the State, acting in good faith. A.B.A., Standards Relating to Speedy Trial, Approved Draft, 1968, § 2.-3(e); *People ex rel. Tarranto v. Babb,* 412 Ill. 123, 105 N.E.2d 750 (1952). See also *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2192, 33 L.Ed.2d 101 (1972); *Olson v. State,* 92 Idaho 873, 452 P.2d 764 (1969).

Additionally, any delay which arguably occurred in Idaho was permissible as being either requested by appellant or appropriate, given normal procedures. I.C. §§ 19–106, 19–3501(2), 19–3502; *State v. Wilbanks,* 95 Idaho 346, 509 P.2d 331 (1973); *Olson v. State, supra.* Appellant has failed to show any prejudice to him, nor has he alleged facts indicating that such delay was

unreasonable. See *State v. Wilbanks, supra; Olson v. State, supra; People v. Kirkpatrick,* 7 Cal.3d 480, 102 Cal.Rptr. 744, 498 P.2d 992 (1972).

Affirmed.