Keith A. TORREY

v.

Robert WILLIAMS, Sheriff.

Supreme Judicial Court of Maine.

July 28, 1978.

Fenton, Griffin, Chapman & Burrill by Douglas B. Chapman (orally), Bar Harbor, for plaintiff.

Bronson Platner, Asst. Dist. Atty. (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and POMER-OY, WERNICK, ARCHIBALD, DELA-HANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

In October, 1977, appellant Keith A. Torrey was arrested as a fugitive from Oregon under the Uniform Criminal Extradition Act, chapter 9 of title 15 of the Maine Revised Statutes. He petitioned the Superior Court for a writ of habeas corpus, pursuant to 15 M.R.S.A. § 210, to test the legality of his arrest.[1] After hearing argument by counsel, the presiding justice denied the petition.

No evidence was offered at the hearing on the petition. The court had before it the Maine Governor's certificate of issuance of the Maine rendition warrant and documents from the State of Oregon supporting the issuance of the warrant. Those papers were not formally placed in evidence, and the actual Maine rendition warrant was not produced. The papers referred to a "Keith Anderson Torrey" while the verified petition for writ of habeas corpus was signed "Keith A. Torrey." At the hearing, appellant's counsel made specific reference to those papers and relied on the details of the actual text.

▮ Appellant asserts first that since the State did not file an answer to his petition for a writ of habeas corpus the allegations of the petition should be taken as admitted. Under 14 M.R.S.A. § 5505 (Supp.1977–78), the presiding justice must require the Attorney General to respond to a petition for a writ of habeas corpus by answer, motion or notice of no contest. Section 210 of 15 M.R.S.A., specifically providing for challenges to extradition by petition for writ of habeas corpus, is separate from the provisions of 14 M.R.S.A. ch. 609 and contains no comparable provision requiring response. We see no good reason to engraft that particular requirement on the relatively informal system established by the Criminal Extradition Act.

▮ Next, appellant argues that since the rendition warrant of the Governor of Maine was not produced at the hearing and the supporting papers were not placed in evidence, the Superior Court erred in rejecting appellant's challenge to his arrest. This contention also fails. Where, as here, the arguments of both the petitioner and the State are based on papers not formally introduced in evidence, the presiding justice is entitled to rely on those papers. Although the Maine Governor's rendition warrant was not produced at the hearing, its existence was alleged in Mr. Torrey's petition, and the papers before the court included the Governor's certificate of issuance of the warrant. Appellant does not argue that the Maine Governor's rendition warrant was invalid on its face; rather he argues that it was not supported by proper papers from the demanding state. The issuance of a rendition warrant regular on its face establishes the jurisdictional facts necessary for issuance of the warrant subject to rebuttal by the petitioner by "clear and convincing evidence." *Sawyer v. State*, Me., 382 A.2d 1039 (1978); *Poulin v. Bonenfant*, Me., 251 A.2d 436 (1969). Appellant having produced no evidence to contradict the jurisdictional facts recited in the warrant, the presiding justice properly rejected appellant's challenge to extradition on this ground.

▮ Finally, appellant asserts that there was insufficient evidence that he was the person sought by the Oregon authorities. At the hearing, there was no evidence on identity other than the facts that the extradition papers named "Keith Anderson Torrey" and appellant signed his habeas corpus petition "Keith A. Torrey." We now hold, as we intimated in *Poulin v. Bonenfant, supra* at page 440, that identity of names gives rise to a rebuttable presumption of identity of the person arrested and the person named in the extradition papers. Recent legislative amendments have adopt-

---

1. The Act has been amended substantially since this proceeding began. *See* P.L.1977, ch. 671, effective July 6, 1978.

ed a similar formal rule on this point.[2] Since the State showed identity of names and appellant failed to rebut that showing, the court properly rejected appellant's challenge. The minor difference between "Keith A. Torrey" and "Keith Anderson Torrey" is not such a difference as would negate identity. *See In Re Extradition of Leonard,* 27 Ill.App.3d 870, 327 N.E.2d 480 (1975).

The entry is:

Appeal denied.

Judgment affirmed.

2. P.L.1977, ch. 671, § 10, effective July 6, 1978, provides, in part

"15 MRSA § 210–A is enacted to read: § 210–A. *Procedure at hearing; review of final judgment.*

At the hearing on the petition for a writ of habeas corpus, if the Governor's warrant and the demand comply with the provisions of this chapter, the petitioner shall have the burden of proving by clear and convincing evidence that he has not been charged with a crime in the demanding state and that he is not a fugitive from justice. If the name of the petitioner is the same as that of the person named in the Governor's warrant, the petitioner shall have the burden of proving, by clear and convincing evidence, that he is not the person whom the demanding state is seeking to extradite. If the names are not identical, the respondent shall have the burden of proving by a preponderance of the evidence that the petitioner is the person sought to be extradited by the demanding state.