**Rowland Joseph BOUCHARD, Alias**

v.

**Timothy B. RICHARDSON, Sheriff [1]**

Supreme Judicial Court of Maine.

Argued March 13, 1981.

Decided April 3, 1981.

When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

Before McKUSICK, C. J., and GOD-FREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

■ In July, 1980, petitioner Bouchard was arrested as a fugitive from Tennessee under the Uniform Criminal Extradition Act, 15 M.R.S.A. §§ 201 et seq. He petitioned the Superior Court for a writ of habeas corpus to test the legality of his arrest. After a hearing, the presiding justice denied the petition. We sustain the petitioner's appeal from that denial.

At the hearing, the court had before it the Maine Governor's rendition warrant, documents from the State of Tennessee, and a set of papers including identification materials apparently mailed by the Knoxville, Tennessee Police Department to the Penobscot County District Attorney's office. These identification materials were not formally placed in evidence.

■ The Maine Governor's rendition warrant required the arrest of "Rowland Joseph Bouchard." At the hearing, the petitioner presented evidence that his name is "Roland Joseph Bouchard, Jr." Because the two names are not identical, the presiding justice properly placed the burden upon the state of proving by a preponderance of the evidence that the petitioner is the person sought to be extradited by the State of Tennessee. 15 M.R.S.A. § 210–A (Supp. 1980). In attempting to meet that burden, the state relied upon the identification materials[2] in the court's file, but did not offer them into evidence. Defense counsel objected to use of that material. The court relied upon these materials in concluding that the petitioner is the Rowland Joseph Bouchard sought for extradition.

Hall, DeSanctis & Schultz, Julio DeSanctis, III, Bangor (orally), for plaintiff.

Gary F. Thorne and R. Christopher Almy, Asst. Dist. Attys., Bangor, (orally), for defendant.

2. These materials consist of: 1)signed, unsworn statements from the victim and two others in Tennessee stating that they had been shown six pictures by Detective Collins from which they each picked out Rowland Bouchard's picture; 2) a copy of the photographic array one photo of which is marked with an "X"; and 3) an unsigned letter purportedly from Lt. Collins (his name is typed at the letter's end) stating that the photograph marked with an "X" is the photograph identified by the victim and two others as being that of Rowland Bouchard.

■ It was error for the justice below to rely upon the identification materials. We distinguish the case of *Torrey v. Williams*, Me., 388 A.2d 921 (1978), in which we held that the presiding justice was entitled to rely on papers not formally introduced in evidence. In *Torrey*, the petitioner's counsel made specific reference to those papers and relied on the details of their actual text. Thus, we stated that "[w]here ... the arguments of both the petitioner and the State are based on papers not formally introduced in evidence, the presiding justice is entitled to rely on those papers." *Torrey*, 388 A.2d at 922. In the instant case, defense counsel strenuously objected to the use of the identification materials, and did not rely upon them in argument.

■ In his findings of fact, the presiding justice found that the identification materials were attached to the application for the Maine Governor's rendition warrant. We find no credible evidence to support that finding. The identification materials are not presently physically attached to the rendition warrant; however, it is obvious, upon inspection of the record, that the papers supporting the rendition warrant have been detached and reassembled.[3] Of more significance is the letter from Lt. Collins, which states that the other identification materials were enclosed with it. That letter was received by the Penobscot County District Attorney's office on April 18, 1980; the Tennessee Governor's demand for extradition is addressed to the Governor of Maine, and dated June 24, 1980. It is unlikely, to say the least, that the papers received by the District Attorney's office were returned to Tennessee, and then resubmitted to the Governor of Maine in June as accompanying documents supporting the extradition demand.[4] No evidence appears in the record to support the finding that the identification materials were attached to the rendition warrant; we hold that the finding was clearly erroneous.

3. This illustrates the need for court personnel to be especially diligent to maintain the Governor's rendition warrant and its supporting papers as a separate, inviolate unit throughout the proceedings.

Since the presiding justice improperly relied upon the identification materials in question, and since the state produced no other evidence to meet its burden of showing that the petitioner is the person sought to be extradited by the State of Tennessee, we must sustain the petitioner's appeal.

The entry is:

Appeal sustained.

Remanded to Superior Court with instructions to issue a writ of habeas corpus.

4. The Maine Governor's rendition warrant states that the papers accompanying the Tennessee Governor's demand are "duly certified by the Governor of [Tennessee] to be authentic and duly authenticated."