Christopher W. BEAM,
Petitioner-Appellant,

v.

Royal McKINSTER, Sheriff of Douglas County, State of Colorado,
Respondent-Appellee.

No. 81SA562.

Supreme Court of Colorado,
En Banc.

Oct. 18, 1982.

---

J. Gregory Walta, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Denver, for petitioner-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John Daniel Dailey, Asst. Atty. Gen., Denver, for respondent-appellee.

PER CURIAM.

Petitioner, Christopher W. Beam, appeals the district court's dismissal of his petition for a writ of habeas corpus in an extradition proceeding, section 16–19–101 *et seq.*, C.R.S. 1973 (now in 1978 Repl. Vol. 8). We affirm.

The state of Texas sought the return of a person named in the Governor's warrant and extradition documents as "Chris Beam." The petitioner asserts that Chris Beam, the person against whom extradition is sought, does not identify "Christopher W. Beam," although the petitioner used the named "Christopher Beam" in the trial proceedings. The use of the middle initial occurs for the first time on appeal. Petitioner argues that because of the failure to include his full name, the prosecution has failed to meet its burden of showing that the petitioner is the person sought by Texas. *Samples v. Cronin,* 189 Colo. 40, 536 P.2d 306 (1975).

 For the reasons set forth in *Beverly v. Davis,* 648 P.2d 621 (Colo.1982), and *Guy v. Nelson,* 630 P.2d 610 (Colo.1981), we do not find the minor discrepancy in the extradition documents to be sufficient to affect the prosecution's *prima facie* showing of the identity of the fugitive sought. *In re Extradition of Leonard,* 27 Ill.App.3d 870, 327 N.E.2d 480 (1975). No evidence of misidentification appears in the record, and no evidence was offered to show that he was not the person sought by the Texas authorities.

Once the prosecution has established a *prima facie* showing of identity, the person charged as a fugitive must show that he is not the person sought by the demanding state. *See Guy v. Nelson, supra; Richardson v. Cronin,* 621 P.2d 949 (Colo.1980); *Samples v. Cronin, supra; Dilworth v. Leach,* 183 Colo. 206, 515 P.2d 1130 (1973). The petitioner has failed to meet his burden.

The judgment of the district court is affirmed.