**Donald TACKETT, Jr.,
Petitioner-Appellant,**

v.

**Brad LEACH, Sheriff of Boulder County,
State of Colorado,
Respondent-Appellee.**

**No. 82SA505.**

Supreme Court of Colorado,
En Banc.

April 18, 1983.

Peter Schild, Deputy State Public Defender, Boulder, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for respondent-appellee.

DUBOFSKY, Justice.

The petitioner-appellant, Donald Tackett, appeals the Boulder County district court's denial of his petition for a writ of habeas corpus. The district court discharged the writ because the extradition documents substantially charged the petitioner with several crimes in Illinois. On appeal, the petitioner claims that extradition should be denied because the People failed to establish that the petitioner was · the person named in the extradition request, and because the Colorado governor's warrant was issued without the personal participation of the governor. We affirm the district court's denial of the petition.

---

4. *See People v. Dailey,* 639 P.2d 1068, 1077, n. 11 (Colo.1982).

The petitioner was arrested in Boulder County on April 27, 1982. Illinois subsequently submitted an extradition request consisting of an indictment charging him with attempted murder,[1] armed robbery, aggravated battery, unlawful restraint, burglary, armed violence, and home invasion; an arrest warrant; and the Illinois governor's authentication of those documents. Colorado authorities served the petitioner with the governor's warrant on or about July 9, 1982. The petitioner filed a petition for a writ of habeas corpus on July 19, 1982. The district court discharged the writ on September 17, 1982.

## I.

The petitioner argues that the People failed to make a *prima facie* showing of identity at the habeas corpus hearing. His contention is that because of the discrepancy between the Illinois arrest warrant, which described him as being five feet, three inches tall, and the Colorado fugitive criminal complaint, which described him as five feet nine, the People have not established that he is the person named in the extradition request. The petitioner also points to inconsistencies in the extradition documents which variously refer to him as "Don Tackett" or "Donald Tackett."

The district court found that both the cover sheet of the Illinois Executive Department document signed by Governor Thompson and the Colorado governor's warrant referred to "Donald Tackett." Relying on *Guy v. Nelson,* 630 P.2d 610 (Colo.1981), the court determined that a *prima facie* case of identity had been established. We agree. As stated in *Guy v. Nelson,*

'the identity between the name in the extradition document and the name in the governor's warrant establishes a *prima facie* case that the person charged as a fugitive is indeed the fugitive sought by the demanding state.' *quoting Richardson v. Cronin,* 621 P.2d 949, 952 (Colo. 1980).

630 P.2d at 611. Once a *prima facie* showing of identity is made, the petitioner must show by clear and convincing evidence that he is not the person sought. *Id.*

The discrepancy between the documents as to the petitioner's height does not amount to clear and convincing evidence of misidentification. Both the Illinois arrest warrant and the Colorado fugitive criminal complaint indicate that the petitioner is a white 18-year-old male, weight 135 pounds, with a birthdate of April 3, 1964. The petitioner did not contend that any of this data was incorrect. The district court concluded that the *prima facie* showing of identity was not overcome, and the record supports the district court's ruling. *Guy v. Nelson, supra; Beam v. McKinster,* 652 P.2d 618 (Colo.1982).

## II.

The petitioner's challenge to the propriety of the Colorado governor's delegation of his authority to review and sign extradition documents is answered by our decision in *Macurdy v. Leach,* 662 P.2d 166 (Colo. 1983).

Judgment affirmed.

NEIGHBORS, J., does not participate.

---

1. The victim subsequently died from the injuries allegedly inflicted by the petitioner.